LABORDE, Judge.
Plaintiff-Appellee, J.N. Prather, Sr., instituted this suit to recover damages from defendant-appellant, Audubon Insurance Company (the insurer of Mr. & Mrs. Benny R. Fontenot under a homeowners policy). Plaintiff asserts that he suffered fire damage to his property and that he experienced mental anguish as a result of Mrs. Benny R. Fontenot’s negligence in setting fire to his pasture. The trial court awarded plaintiff one thousand three hundred seventy and no/100 ($1,370.00) dollars to compensate him for his alleged damages. We reverse in part, affirm in part, and render.
The record reveals that Mrs. Fontenot was burning debris in her yard, which is surrounded on three sides by plaintiff’s property, when the fire grew out of control and spread to plaintiff’s pasture. The fire destroyed between twenty to twenty-five (20-25) acres of grass.
The trial court’s finding of negligence on the part of Mrs. Fontenot is not challenged on appeal. We are called upon to determine two issues concerning quantum: (1) was plaintiff entitled to recover five hundred ($500.00) dollars for anxiety and frustration; and (2) was plaintiff entitled to recover for the loss of hay and damage to his fence?
DAMAGES FOR MENTAL ANGUISH
The first element of damages to be considered is the award of five hundred ($500.00) dollars for mental anguish. Ap-pellee prays for an increased award; whereas, appellant contends that this award should be extirpated since it is unsupported by the evidence. We agree with appellant.
Mr. Prather was working in Sunset, Louisiana, when he was notified that a grass fire had spread from his neighbor’s yard into his own. He immediately left work and drove to his farm in Point Blue, Louisiana. The trip took approximately thirty-five minutes, during which time appellee was anxious and frustrated, consumed with the feeling of helplessness.
Mr. Prather asserts that when he arrived, the fire was almost, but not completely, extinguished. His son, Timothy Prather, testified that no fire was burning when his father arrived. In either event, the fire was no longer a concern. The firemen were just standing around, having secured the area. Mr. Prather received no personal injury, but did, as the trial court found, suffer “some anxiety and frustration.”
Louisiana jurisprudence has recognized only four instances where an award for mental anguish as a result of damage to property is permitted: (1) property is damaged by an intentional or illegal act; (2) property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) property is damaged by acts constituting a continuous nuisance; (4) property is damaged at a time in which the owner is present or situated nearby and the owner experiences trauma as a result. Meshell v. Insurance Company of North America, 416 So.2d 1383, 1387 (La.App. 3d Cir.1982); Dugas v. St Martin Parish Police Jury, 351 So.2d 271, 276 (La.App. 3d Cir.1977), writ denied, 353 So.2d 1046 (La. 1978).
There is no evidence to bring this case within any of the four instances in which an award for mental anguish would be permitted. Mr. Prather did not witness the destruction nor did he experience trauma as a result. Plaintiff experienced normal worry and consternation as a result of the damage to his property. There is no *385 evidence that he was unusually upset or suffered any mental disorder of any consequence. He did not see a doctor, took no medication, required no treatment and was in no sense ill, injured or disabled. Every incident of damage to property is necessarily accompanied by some degree of worry or mental upset on the part of the owner of the damaged property. Minimal worry over damage to one’s property is not a recoverable “damage.” See Farr v. Johnson, 308 So.2d 884, 885 (La.App. 2d Cir.), writ denied, 310 So.2d 854 (La.1975); see also, Louisiana Farm Bureau Mutual Insurance Company v. Dunn, 484 So.2d 853 (La.App. 1st Cir.1986).
We therefore find that appellee is not entitled to an award of damage for mental anguish. We reverse the portion of the trial court’s judgment granting five hundred ($500.00) dollars for mental anguish.
DAMAGES FOR LOSS OF HAY AND DESTRUCTION OF FENCE
Appellants contend that the trial court erred in awarding Mr. Prather six hundred fifty ($650.00) dollars for lost hay and two hundred twenty ($220.00) dollars for damages sustained to his fence. The reasonable findings of the trial court will not be disturbed on appeal absent manifest error.
The trial court correctly calculated the monetary value of the twenty to twenty-five (20-25) acres of medium-grade Bermuda grass destroyed by the fire. With equal incisiveness, the trial court rejected Mr. Prather’s demand for sums expended to purchase cattle feed. The evidence indicates that, with or without the lost grass, extra feed would have been required as a result of the severe winter of 1983-84. The expenditure was a normal yearly expense, the destroyed grass notwithstanding.
Evidence of fence damage was presented by plaintiff and defendant. The record shows that the fence posts and wires were damaged, but nowhere near the amount claimed by plaintiff — six hundred fifty-nine ($659.00) dollars. Defendant presented evidence that the fence had been only facially damaged by the low-intensity, fast-moving fire. The trial court found that the fence was damaged, but that the fence was still standing some fourteen and one-half (I4V2) months after the fire without need of repair or replacement. “When it is clear that the plaintiff has sustained some damage through the fault of defendant, his demands will not be rejected because he cannot establish with accuracy the pecuniary amounts that he has suffered. Roshong v. Travelers Insurance Company, 281 So.2d 785 (La.App. 3d Cir.1973).” Lloyd v. Hunt Exploration, Inc., 430 So.2d 298, 300 (La.App. 3d Cir.1983). We find the trial court’s award of two hundred twenty ($220.00) dollars reasonable under the circumstances.
Appellee’s suggestion that this is a frivolous appeal under La.C.C.P. art. 2164 is rejected forthwith.
For the above and foregoing reasons, the judgment of the trial court awarding five hundred ($500.00) dollars for mental anguish is reversed and set aside. The remainder of the judgment is affirmed. Costs of this appeal are to be divided equally between appellee and appellant.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.