889 So.2d 1190 (2004)
Kerry PERETIN as the Administratrix of the Estate of the Minor Child, Tyler Laws, Plaintiffs-Appellants,
v.
CADDO PARISH SCHOOL BOARD, et al., Defendants-Appellees.
No. 39,170-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2004.
*1191 Ronald J. Miciotto, Shreveport, for Appellants Kerry Peretin and Tyler Laws.
Ronald F. Lattier, Curtis R. Joseph, Jr., Shreveport, for Appellee Caddo Parish School Board.
Before STEWART, CARAWAY and DREW, JJ.
STEWART, J.
In December 2002, Kerry Peretin ("Peretin") filed suit against the Caddo Parish School Board ("CPSB") on behalf of her minor child, Tyler Laws, for an injury Tyler received at school as the result of the intentional act of another student. The trial court granted summary judgment in favor of the school board, and this appeal followed. For the reasons set forth below, we affirm the trial court's grant of summary judgment.

FACTS
The undisputed facts underlying this case are that in August 2002, Tyler was a 7th grade student at Caddo Middle Magnet School in Shreveport, Louisiana. At the time of the incident giving rise to this suit, Tyler was at the front of the classroom participating in a classroom activity under the supervision of his teacher, David Anderson. He then returned to his seat which was directly adjacent to a seat occupied by fellow student, Keara McDuffy. As Tyler was about to take his seat, Keara reached out from her seat and placed her pencil in Tyler's seat so that when he sat down he was punctured by the pencil. Peretin's suit on Tyler's behalf essentially alleged that Keara was not being properly supervised by Anderson when the incident occurred.
After filing an answer generally denying the allegations of Peretin's petition, the school board filed a motion for summary judgment in October 2003 asserting that Anderson could not have prevented what the school board termed "the alleged unforeseeable spontaneous act" of Keara McDuffy. In support of the motion for summary judgment, the school board
*1192 attached Peretin's answers to interrogatories in which she described the incident:
Tyler was standing, looking at the chalkboard, participating in a classroom activity. The student who sits next to Tyler, held a pencil, with the point of the pencil facing up, in Tyler's chair, and when Tyler went to sit down in his chair, he sat down on the pencil.
Also attached to the motion for summary judgment was the affidavit of Anderson, who stated that at the time of the incident nothing occurred in the classroom to place him on notice that Keara McDuffey would "in a spontaneous and unforeseeable manner" place her pencil in Tyler's seat so that he would sit on the pencil and injure himself. Anderson's affidavit also stated that Keara and Tyler occupied seats directly adjacent to one another, and that Keara did not have to leave her seat in order to place her pencil in Tyler's seat.
In opposition to the motion for summary judgment, Peretin offered no counteraffidavit or other evidence. Instead, Peretin argued that a genuine issue of material fact existed with respect to whether a duty was breached to adequately supervise the students. Peretin argued that unless Anderson had an unruly class to begin with, he would have seen Keara's actions because she "had to lean over out of her chair and blatantly place her hand in Tyler [sic] seat."

DISCUSSION

Summary Judgment
A defendant, with or without supporting affidavits, may move for summary judgment for all or part of the relief for which he has prayed; summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact. La. C.C.P. art. 966. Although the burden of proof remains with the movant, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). However, an appellate court reviews the district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn therefrom in the light most favorable to the non-movant; in ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence, nor to determine the truth of the matter, but to determine whether there is a genuine issue of triable fact, i.e., an issue on which reasonable persons could disagree. Hines v. Garrett, XXXX-XXXX (La.6/25/04), 876 So.2d 764.
Under the provisions of La. C.C. art. 2320, teachers are answerable for the damage caused by their scholars while under their superintendence, but responsibility only attaches when the teachers might have prevented the act which caused the damage, but did not do so.
In Adams v. Caddo Parish School Board, 25,370 (La.App.2d Cir.1/19/94), 631 *1193 So.2d 70, we reversed a judgment in favor of a student against the Caddo Parish School Board in a case where the student alleged negligent supervision. Citing La. C.C. art. 2320, we stated it is well established that a school board, through its agents and teachers, is responsible for reasonable supervision over students, but the duty to supervise does not make the board the insurer of the safety of the school children. We noted that constant supervision of all students is neither possible nor required in order for educators to discharge the duty to provide adequate supervision, and that educators are required to exercise that supervision and discipline expected of a reasonably prudent person under the circumstances at hand. In Adams, an altercation between two students was broken up, but later resumed while the students were waiting in an administrative area to meet with administrators. Although the trial court concluded that a resumption of the fight could be foreseen, we disagreed, considering that the students were physically separated by being placed in adjacent rooms separated by a blind-covered closed door, and considering that no such incident under similar circumstances could be recalled in a period spanning more than 20 years.
In Oast v. Lafayette Parish School Board, 591 So.2d 1257 (La.App. 3d Cir.1991), the court affirmed the granting of summary judgment in favor of a school board in a case where a spectator at a high school wrestling match was injured by a student wrestler who threw a folding chair after competing in a match. All of the depositions submitted in that case indicated that the student's actions were "sudden, spontaneous and completely unexpected." The record contained nothing which might have indicated that the student had any tendency toward violence or violent displays of temper.
In the instant case, the school board successfully shifted the burden of proof to Peretin. The teacher's affidavit indicated that the offending student's actions were "spontaneous and unforeseeable," and because the two students' desks were located adjacent to each other, the offending student had only to reach out with her pencil at the opportune time. These statements were sufficient to show that Keara's actions were both sudden and unexpected. After the burden shifted to Peretin, she was obligated to produce factual support sufficient to show that she would be able to satisfy her evidentiary burden of proof at trial. However, she provided no such factual support; thus, there was no genuine issue of material fact for trial.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.