917 So.2d 722 (2005)
Edward Taylor HEARD, III, Plaintiff-Appellant,
v.
AFFORDABLE MOVERS, INC.; American Potential, Inc., d/b/a Trailer Headquarters; and Bekins Moving & Storage Co., Defendant-Appellee.
No. 40,432-CA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
*723 Brian E. Crawford, Jefferson B. Joyce, Monroe, for Appellant.
Jan P. Christiansen, Monroe, for Appellee, Affordable Movers, Inc.
Valerie B. Bargas, for Appellee, American Potential, Inc.
Craig M. Cousins, New Orleans, for Appellee, Bekins, Moving & Storage Co.
Before WILLIAMS, DREW and LOLLEY, JJ.
WILLIAMS, J.
Plaintiff, Edward Taylor Heard, III, filed suit for breach of contract after his possessions were destroyed by fire and a subsequent rainstorm. Plaintiff now appeals the judgment of the district court granting a partial summary judgment, dismissing his claim for mental anguish. For the reasons assigned below, the judgment of the district court is affirmed.

*724 FACTS
Plaintiff retained Affordable Movers, Inc. ("Affordable") to move his family possessions from his deceased parents' home in Monroe, Louisiana. The items were to be stored in Affordable's warehouse in Monroe, pending transport to Tomball, Texas, where plaintiff resided. On September 30, 2002, representatives from Affordable and Bekins Moving & Storage Co. ("Bekins")[1] packed plaintiff's possessions into boxes, which were loaded onto a tractor-trailer by Affordable/Bekins employees on October 2, 2002. The tractor-trailer was owned by Affordable. The loaded trailer was then taken to Trailer Headquarters in Monroe in order to have a damaged "landing gear" repaired. During the course of the repairs, the trailer caught fire, and most of plaintiff's possessions were destroyed. The following day, a rainstorm swept through the region, and many of the remaining possessions, which had survived the fire, were destroyed.
According to plaintiff's affidavit, he and his wife were in Monroe during the time his possessions were being packed and moved. Plaintiff averred that his wife had spoken with a representative of Affordable on October 2 and 3, 2002 regarding items that had been damaged or not retrieved during the packing/loading process. On October 4, 2002, plaintiff informed Affordable that he was in Monroe and would not be returning to Texas until October 6, 2002. Plaintiff was not informed of the damage to his property at that time.
On October 7, 2002, plaintiff's wife contacted West Vaughn, Affordable's president, concerning the items that had been damaged during the packing/loading process. At that point, Mr. Vaughn informed Mrs. Heard that she needed to sign documents pertaining to "valuation of the contents." After Mrs. Heard informed Mr. Vaughn that the items were "priceless," he responded, "Well, it's all gone." Subsequently, plaintiff returned to Monroe, and on October 8, 2002, he arrived at Trailer Headquarters to survey the damage to his property.
On February 14, 2003, plaintiff filed a "Petition for Damages and for Breach of Contract," claiming, inter alia, that he had suffered mental anguish as a result of the damage to his property. Affordable, Bekins and American Potential, Inc. d/b/a Trailer Headquarters were named as defendants. In response, defendants filed motions for partial summary judgment, seeking to preclude plaintiff from presenting a mental anguish claim as a result of property damages suffered.
In an "Expedited Out Of Court Judgment," the district court granted the motion for partial summary judgment, stating:
[T]his Court finds no genuine issue as to any material fact remains (relative to the mental anguish issue) and the moving party is entitled to judgment as a matter of law. More particularly, this Court finds that Plaintiff was not present nor nearby within the meaning of the law and even if his failure to be "nearby" was caused by the inaction of Defendant, such failure should not and does not create a status of being "nearby" within the meaning of current and existing law.
Subsequently, the district court denied plaintiff's motion for new trial, and this appeal followed.[2]

*725 DISCUSSION
In his sole assignment of error, plaintiff contends the district court erred in concluding that he was precluded from presenting a claim for mental anguish as a result of the damage to his property. He argues that defendants' motions for partial summary judgment should have been denied.
LSA-C.C.P. art. 966 provides, in pertinent part:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
* * *
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
* * *
In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence nor to determine the truth of the matter, but to determine whether there is a genuine issue of material fact, i.e., an issue on which reasonable persons could disagree. Barringer v. Rausch, 39,553 (La.App.2d Cir.4/6/05), 900 So.2d 232; Peretin v. Caddo Parish School Bd., 39,170 (La.App.2d Cir.12/15/04), 889 So.2d 1190. An appellate court reviews the district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn therefrom in the light most favorable to the non-movant. Id.
An award for mental anguish as a result of damage to property is permitted in the following instances:
1. The property was damaged by an intentional or illegal act;
2. The property was damaged by acts for which the tortfeasor will be strictly or absolutely liable;
3. The property was damaged by acts constituting a continuing nuisance; and
4. The property was damaged at a time in which the owner thereof is present *726 or situated nearby and the owner experiences trauma as a result.
1900 Partnership v. Bubber, Inc., 27,475 (La.App.2d Cir.11/1/95), 662 So.2d 808, writ denied, 96-0037 (La.2/28/96), 668 So.2d 369; Kemper v. Coleman, 31,576 (La.App.2d Cir.7/29/99), 746 So.2d 11, writs denied, 99-2954, 2955 (La.1/7/00), 752 So.2d 861.
In the instant case, the damages allegedly suffered by plaintiff did not result from an intentional or illegal act or acts constituting a continuous nuisance. Nor is there any allegation of strict or absolute liability. Therefore, mental anguish damages may be awarded only if plaintiff was present or nearby at the time of the flood and suffered psychic trauma.

Present or nearby
In Freyou v. Iberia Parish School Bd., 94-1371 (La.App. 3 Cir. 5/3/95), 657 So.2d 161, the court denied the plaintiff's claim for mental anguish resulting from damage to her sugarcane fields, concluding that the plaintiff's residence, eight miles away from the damage site, did not equate to "nearby." Similarly, in Prather v. Audubon, 488 So.2d 383 (La.App. 3 Cir.1986), the plaintiff came upon the scene of a fire at his home just after the fire had been extinguished and contained. The court found that the plaintiff did not meet the proximity requirement, as he did not arrive at any time when his property was being damaged.
In this case, while plaintiff stated that he was present in Monroe at the time of the fire and subsequent rainstorm, there is nothing in the record which indicates that he was "present or situated nearby" the site of the fire.

Mental trauma
Even assuming that plaintiff was present or nearby the scene of the fire, the evidence submitted by plaintiff is woefully inadequate to support a finding of psychic trauma. In an effort to support his mental anguish claim, plaintiff submitted an affidavit, in which he stated:
I first observed the damaged property at Trailer Headquarters, the site of the fire, on October 8, 2002. At this time, I knelt down and cried due to witnessing the destruction of my family's heirlooms. While I have not sought medical treatment for my emotional distress and anguish, I have suffered a profound sense of loss and depression....
The mental anguish which gives rise to a claim for damages must be real mental injury. Kemper, supra, citing Elston v. Valley Electric Membership Corp., 381 So.2d 554 (La.App. 2d Cir.1980); State Farm Fire & Cas. Co. v. Torregano, 00-141 (La.App. 5 Cir. 9/26/00), 769 So.2d 754. In 1900 Partnership, supra, a shareholder in a partnership sued for mental anguish damages after herbicide drifted onto a crop of cotton. The property damage was not caused by an intentional or illegal act; the tortfeasor was not strictly or absolutely liable, and the acts involved did not constitute a nuisance. This court concluded that the plaintiff failed to prove he suffered a psychic trauma due to the crop damage sufficient to entitle him to recover for mental anguish, stating:
Every incident of property damages is necessarily accompanied by some degree of worry and consternation. The owner of damaged property may not recover for mental anguish unless he or she proves a psychic trauma in the nature of or similar to a physical injury, directly resulting from the property damage.
1900 Partnership, 662 So.2d at 812.
In Kemper, supra, residents of a subdivision filed suit to recover damages sustained in a flood. Among other damages, the plaintiffs sought damages for mental anguish. After recognizing that plaintiffs *727 "experienced distress, worry, and sadness [because of] the damage and destruction resulting from the flood," this court concluded:
[W]e cannot say that the record supports a finding that any of the plaintiffs suffered psychic trauma. There was no indication that the plaintiffs sought counseling or treatment for any mental injury caused by the flood. Rather, it appears that the plaintiffs experienced the normal degree of worry and distress that would be associated with having one's property destroyed and damaged by a flood. Because the plaintiffs failed to prove psychic trauma, we find that the trial court erred as a matter of law in awarding damages for mental anguish.
Id. at 21.
Additionally, in Farr v. Johnson, 308 So.2d 884 (La.App. 2 Cir. 2/25/75), writ not considered, 310 So.2d 854, 315 So.2d 143 (La.1975), an automobile crashed into the front of the plaintiff's home while she was away. The court denied her mental anguish damages, finding the plaintiff failed to prove she was unusually upset or suffered any mental disorder of any consequence. The court pointed out that the plaintiff did not see a doctor; she took no medication; she required no treatment; and she was in no sense ill, injured or disabled. Likewise, in Prather, supra, the court found that the plaintiff had suffered no mental injury because he received no treatment for such an injury.
In Evans v. B.R. Bedsole Timber Contractors, Inc., 521 So.2d 837 (La.App. 2d Cir.1988), the plaintiff was denied an award of mental damages despite having a sentimental attachment to the property that had been in his family for over 100 years. The court concluded that the plaintiff was unable to prove actual psychic trauma.
In the instant case, it is undisputed that plaintiff suffered distress as a result of the destruction of his family heirlooms, many of which are undoubtedly irreplaceable. Nevertheless, based on the record before us, we cannot say that he suffered any "real mental injury" or "psychic trauma in the nature of or similar to a physical injury." Therefore, plaintiff's claim for mental anguish was properly dismissed.

CONCLUSION
For the reasons stated above, the district court's grant of partial summary judgment in favor of defendants is hereby affirmed.
AFFIRMED.
NOTES
[1] According to the affidavit of West Vaughn, President of Affordable Movers, Inc., Affordable was acting as an agent of Bekins Van Lines, Inc., as Affordable had no interstate authority.
[2] Initially, plaintiff sought supervisory writs. This court denied the writ application, pursuant to LSA-C.C.P. art. 1915(B)(1), which provides that a partial summary judgment "shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." Subsequently, following a joint motion, the district court certified the judgment as a "final judgment."