|! LEDET, J.,
concurs in part and dissents in part with reasons.
I agree with the majority that the trial court did not err in allocating one hundred percent of the fault to the defendant, Darrell Cuti. However, I disagree with the majority’s finding that the trial court’s damage award “for the loss of the dog, Yellow, is supported by the record. The trial court awarded Ellen and Austin Barrios each $5,000 for the value of the lost pet and the mental anguish suffered” due to Mr. Cuti’s negligence. Despite the trial court’s wording of the damage award as a lump sum for both mental anguish damages and the value of the loss of the pet, the record does not support an award of property damages for the loss of Yellow.
Both Sonny and Ellen Barrios in their depositions denied sustaining any property damage as a result of Yellow’s death. Yellow was given to Sonny and Ellen Barrios as a puppy; they did not pay anything for Yellow. Although Yellow was full breed, Yellow was not registered. Yellow was not replaced with a new dog. Thus, the record does not support attributing any of the damage award to property damages. The dispositive issue is whether the entire award of $10,000 1 g($5,000 to both Sonny and Ellen Barrios) is supportable for mental anguish damages.
As the majority acknowledges, it is well settled under Louisiana law that a dog is a corporeal movable. Smith v. University Animal Clinic, Inc., 09-745, p. 1 (La.App. 3 Cir. 2/10/10), 30 So.3d 1154, 1156 (citing Holland v. Teague, 43,496 (La.App. 2 Cir. 9/17/08), 996 So.2d 325). The jurisprudence has limited the recovery of mental *1025 anguish damages for damages to property to four categories of cases:
(1) when the property was damaged by an intentional or illegal act;
(2) when the property was damaged by acts giving rise to strict or absolute liability;
(3) when the property was damaged by activities amounting to a continuous nuisance; and
(4) under circumstances where the owner was present or nearby at the time the damage occurred and suffered psychic trauma in the nature of or similar to a physical injury as a direct result of the incident itself.
Doerr v. Mobil Oil Corp., 04-1789, pp. 8-9 (La.App. 4 Cir. 6/14/06), 935 So.2d 231, 237 (citing Frank L. Maraist and Thomas C. Galligan, Jr., Louisiana Tort Law § 7.02[6] (2d ed.2004)). The jurisprudence has further limited such recovery by requiring a showing of severe emotional distress as opposed to the usual worry or anxiety that results from damage to one’s property. Smith, 09-745, p. 2, 30 So.3d at 1156 (citingDoerr, supra).
Noting that “Yellow was killed when the plaintiffs were nearby” and that Sonny and Ellen Barrios arrived immediately after the accident and saw Yellow dead on the road, the trial court found this case fell within the fourth category — “situated nearby.” Given the facts of this case, it is debatable whether the requirement for the fourth category was satisfied. See Freyou v. Iberia Parish | ^School Bd., 94-1371 (La.App. 3 Cir. 5/3/95), 657 So.2d 161(denying mental anguish claim resulting from damage to sugarcane fields because the plaintiffs residence located eight miles away did not equate to “nearby.”)
The record reflects that when the accident occurred Sonny and Ellen Barrios were at home. A Domino’s pizza driver came to their home and informed them of the accident. They immediately drove to the accident scene. According to Sonny Barrios, the drive from their home to the accident scene took about two minutes. When they arrived at the accident scene, they saw Yellow’s body, which was not covered, lying on the street quite a distance from where their son’s body was located. At the accident scene, Sonny and Ellen Barrios’ attention was focused not on Yellow, but on their injured son. Indeed, Sonny Barrios testified that he did not walk over to check on Yellow until after the ambulance departed with his son. Sonny Barrios further testified that the police took care of removing Yellow’s body from the accident scene. The next day he retrieved Yellow’s body from Animal Control and took it to be buried.
Assuming the facts of this ease satisfy the requirement for being nearby, the issue is whether the record supports a finding that Sonny and Ellen Barrios “suffered psychic trauma in the nature of or similar to a physical injury as a direct result of the incident itself,” as required to recover mental anguish damages. Simply stated, the mental anguish which gives rise to a claim for damages must be real mental injury. Heard v. Affordable Movers, Inc., 40,432, pp. 5-8 (La.App. 2 Cir. 12/14/05), 917 So.2d 722, 726-27 (collecting and discussing cases). Based on the record in this case, I cannot conclude that Sonny and Ellen Barrios established |4they suffered a real mental injury or a “psychic trauma in the nature of or similar to a physical injury.”
Neither Sonny nor Ellen Barrios sought medical, psychiatric, or psychological treatment following the accident; neither of them took any prescription drugs or medication. In their testimony, Sonny and Ellen Barrios failed to articulate any particular symptoms they suffered other than their long-term grieving. Indeed, Sonny *1026 Barrios described his loss as a result of Yellow’s demise as follows: “[u]nder the circumstances that happened probably we never got to grieve Yellow.” Ellen Barrios described the emotional distress and psychological pain and suffering she suffered as a result of Yellow’s demise as follows: “the hard thing, the family as whole — you know, like Sonny said, we didn’t get to grieve him because at the time that we lost him — I mean, he was a loved family pet.... And having Matthew [(their son) ] go through what he did and being concerned that we were going to lose our child and losing our dog it was — it was really hard on all of us.” She further testified that the family was “still grieving.”
Although I sympathize with Sonny and Ellen Barrios regarding the loss of their dog, who the majority and the trial court emphasized was like a family member, the record does not support an award of mental anguish damages to them. Accordingly, I would reverse the trial court’s damage award.
For these reasons, I respectfully concur in part and dissent in part.