HIGGINBOTHAM, J„
dissenting.
hi respectfully dissent from the majority in part, because the jurisprudence does not support an award for mental anguish to the children under these facts. In order to recover for mental anguish, it must be proven that the children suffered more than minimal worry and inconvenience over the consequences of their parents’ damaged home. See Robertson v. Geophy *1131 sical Service, Inc., 469 So.2d 22, 24 (La.App. 1st Cir.1985). Simply stated, the mental anguish that gives rise to a claim for damages must be real mental injury. Id. See also Heard v. Affordable Movers, Inc., 40,432 (La.App.2d Cir.12/14/05), 917 So.2d 722, 726-27.
While I agree that there was a sufficient showing in the record to support the trial court’s award of damages for Mr. and Mrs. Sierra’s mental anguish, emotional distress, inconvenience, and loss of use, I find that the evidence does not support the Sierra children’s claims for mental anguish damages. The evidence shows that Ashley and Donald, III were certainly upset and inconvenienced by the entire event that caused an upheaval in their lives during the 2010 holiday time. However, the record reveals that the children only sustained minimal worry and normal inconvenience from living in the hotel and celebrating the holidays and Donald, Ill’s birthday away from their home while their parents’ house was repaired.
12There was no evidence that any of the children’s personal property was damaged when the fire truck crashed into Mr. and Mrs. Sierra’s master bedroom. Neither of the children testified concerning their individual stress, concern, or worry over their special needs brother, Corey; however, Donald, III indicated that he worried about the extra stress on his mom while she cared for Corey at the hotel. Additionally, neither of the children indicated that they experienced any lingering anxiety or fear about another fire truck crashing into their parents’ home. Donald, III testified that while he was upset about not celebrating his birthday like he usually did with a big party on New Year’s Eve at his home, he celebrated his 19th birthday at the hotel with family and friends. Both children stated that they missed living at home during the holiday time, but Donald, III acknowledged that he liked having a room to himself at the hotel, “kind of like a bachelor pad.” Further there was no evidence that either of the two children was at or near the house when the fire truck incident occurred. Under the jurisprudence, such claims regarding normal upset and inconvenience are simply not compen-sable.
Accordingly, I respectfully dissent from the majority in part and would reverse that portion of the trial court’s judgment awarding damages of $1,000 to each of the Sierra children, Ashley and Donald, III. In all other respects I agree with the majority and would affirm the trial court’s judgment in part.