BOWES, Judge.
The plaintiffs filed suit for damages resulting from an accident in which a truck owned by South Eastern Express, and driven by James Bullard, knocked down a power line and caused damage to the electrical fuse box attached to the plaintiffs’ house. Plaintiffs allege that, as a result of this accident, they were forced to live without electricity for three months. In their petition, plaintiffs request damages for property damages to home, physical pain and suffering for three months, future mental anguish and out-of-pocket expenses for living.
Defendant, South Eastern Express, Inc., filed a motion for summary judgment, alleging that the plaintiffs were not entitled under applicable Louisiana law to receive general damages for physical pain and suffering, mental pain and suffering and future mental anguish, and requesting that these demands be dismissed from the suit.
The trial court granted a partial summary judgment and dismissed plaintiffs’ claims for physical pain and suffering, mental pain and suffering, and future mental anguish. Plaintiffs appealed. We affirm in part and reverse and remand in part.
On appeal, plaintiffs allege that genuine issues of material fact exist regarding whether they suffered mental pain and suffering as a result of the accident, and, therefore, the trial court improperly granted defendant’s motion for summary judgment dismissing their claims.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. C.C.P. art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981). A motion for summary judgment is not a substitute for trial on the merits and the mover, to prevail in his motion, must show that there is no genuine issue of material fact. Any doubt is resolved against the *28 mover and against the granting of a summary judgment and in favor of a trial on the merits. Caplan v. Pelican Homestead and Sav. Ass’n., 542 So.2d 622 (La.App. 5 Cir.1989).
Generally, there are four areas in which damages may be awarded for mental anguish arising as a result of damages to property. These are (1) when the property is damaged by an intentional or illegal act; (2) when the property is damaged by acts for which the tort-feasor will be strictly or absolutely liable; (3) when the property is damaged by acts constituting a continuing nuisance, and (4) when the property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result. Shulze v. Perry, 427 So.2d 467 (La.App. 5 Cir.1983) writ den. 434 So.2d 1091 (La.1983); In re Air Crash Disaster Near New Orleans, La. on July 9, 1982; Turgeau v. Pan American World Airways, Inc., 764 F.2d 1084 (C.A.5 1985).
The degree of mental stress suffered as a result of damage to property must bé more than minimal worry and inconvenience over the consequences of the damage. Robertson v. Geophysical Service, Inc., 469 So.2d 22 (La.App. 1 Cir.1985). As noted by the court in Thompson v. Simmons, 499 So.2d 517 (La.App. 2 Cir.1986), 501 So.2d 772 (La.1987):
[5] Every incident of property damage is necessarily accompanied by some degree of worry and consternation over such things as possible financial loss, settlement of insurance claims, and discomfort or inconvenience while awaiting and undergoing the repair. The owner of the damaged property may not recover for mental anguish unless he or she proves a psychic trauma in the nature of or similar to a physical injury, directly resulting from the property damage. See Elston v. Valley Electric Membership Corporation, 381 So.2d 554 (La.App. 2d Cir.1980) and cases cited therein.
In this case, plaintiffs allege that they suffered mental anguish as a result of the accident in that the family was inside the house and heard a loud explosion when the electrical box was damaged, saw their lights flash on and off and then total darkness, and experienced the fear that they may be in a burning house.
We believe that these allegations are sufficient to create a question of material fact as to whether the plaintiffs suffered a psychic trauma resulting from the alleged accident which caused the property damage and that this is a question which must be determined by the trier of fact. Therefore, the trial court erred in dismissing the plaintiffs’ claim for damages for mental pain and suffering.
We note that plaintiffs do not argue that the trial court erred in dismissing their claims for future mental anguish and for physical pain and suffering. In addition, plaintiffs make no allegations that they were physically harmed in this incident, or that they still suffer and will continue to suffer mental anguish as a result of the accident. Accordingly, we see no error in the trial court’s ruling dismissing these claims.
For the foregoing reasons, the decision of the trial court is affirmed insofar as it dismisses plaintiffs’ claims for physical pain and suffering. The trial court’s decision dismissing plaintiffs’ claims for mental pain and suffering is reversed and the case is remanded for further proceedings. All costs of this appeal are to be borne equally by plaintiffs and by South Eastern Express, Inc.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.