TERRI F. LOVE, Judge.
11 This is a tort suit for damages resulting from the loss of a pet dog that was killed in a pedestrian-motorist accident. The defendant, Safeway Insurance Company of Louisiana, appeals the trial court’s judgment that found their insured, Darrell Cuti, was solely at fault and awarded the dog’s owners, Ellen Dobson Barrios and Austin “Sonny” Barrios, Jr., $5,000.00 each in damages. We find that the evidence supports the assessment of fault against Mr. Cuti and that the trial court did not abuse its discretion in its award of damages. Therefore, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On January 19, 2009, at approximately 7:30 p.m., the front end of the vehicle being operated by Mr. Cuti struck Sonny and Ellen Barrios’ seventeen-year old son, Matthew Barrios, and their twelve-year old Labrador retriever, Yellow. As a result of the accident, Matthew Barrios sustained personal injuries, and Yellow died on the scene.
The accident occurred on Main Street in Belle Chasse, Louisiana. Main Street is a residential two-way street without sidewalks. The posted speed limit on |2Main Street is fifteen miles per hour. At the time of the accident, Matthew Barrios was walking Yellow with a leash on Main Street in an easterly direction. Mr. Cuti’s *1021 vehicle was also traveling on Main Street in an easterly direction. Thus, Matthew Barrios was walking with his back facing Mr. Cuti’s oncoming vehicle.
At the accident scene, Mr. Cutí gave a statement to the investigating officer in which he admitted to speeding (driving thirty to thirty-three miles per hour in a fifteen miles per hour zone) and failing to keep a proper look-out (looking away from the roadway). According to the police report, Mr. Cutí admitted to the officer that “he looked away from the road for a second and when he looked back, he struck a pedestrian.” The pedestrian, Matthew Barrios, was unable to give a statement to the officers. There were apparently no witnesses to the accident.
Matthew Barrios commenced this suit against, among others, Mr. Cuti’s insurer, Safeway, seeking to recover for his own personal injuries. He filed a supplemental and amending petition that added his parents as plaintiffs in their capacity as owners of the dog. His parents asserted a claim for their mental anguish and property damage resulting from the loss of their dog. Before trial, Matthew Barrios’ personal injury claim was settled. His parents’ claim for the loss of their dog proceeded to trial.
The only issues tried were the “negligence of the parties and the valuation of damages for the loss of Yellow.” The parties stipulated to submit the matter on briefs, deposition testimony, and exhibits. The depositions of Matthew, Ellen, and Austin Barrios were introduced. Mr. Cutí died of unrelated causes before being | .¿deposed. Following the bench trial on briefs, the trial court found Mr. Cutí was solely at fault and awarded Sonny and Ellen Barrios each $5,000.00 for “the value of [their] lost pet and the mental anguish which [they] suffered” due to Mr. Cuti’s negligence. This appeal by Mr. Cuti’s insurer, Safeway, followed.
STANDARD OF REVIEW
In Garcia v. Louisiana Department of Transportation and Development, this Court followed the standard of review for appellate courts as articulated in Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993):
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court; and
2) The appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). See Mart v. Hill, 505 So.2d 1120,1127 (La.1987).
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. Id. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
00-0930, pp. 3-4 (La.App. 4 Cir. 5/16/01), 787 So.2d 1142,1145.
| ¿FAULT ALLOCATION
Safeway’s first assignment of error argues that the trial court erred in finding its insured, Darrell Cutí, at fault and in not assessing any fault on the part of Matthew Barrios. Safeway claims that Matthew Barrios was at fault because he was in the middle of Mr. Cuti’s lane of travel and *1022 because he violated Louisiana Revised Statute 32:216. That statute discusses the duty of pedestrians to walk only on the left side of the highway facing traffic. In pertinent part, that statute states:
Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction.
The trial court has a great deal of discretion when allocating fault. Clement v. Frey, 95-1119, 95-1163, p. 5 (La.1/16/96), 666 So.2d 607, 609. Factual findings cannot be disturbed in the absence of manifest error. Stobart v. State of Louisiana, Through the DOTD, 617 So.2d 880 (La.1993). The issue to be resolved by this court is not whether the trial court was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Id.
In allocating fault, the trial court found that Mr. Cutí breached his duty as a driver to maintain a careful lookout and to drive within the legal limit. See Parker v. Continental Insurance Co., 341 So.2d 593 (La.App. 2 Cir.1977). It determined that Mr. Cutí did not maintain a careful lookout and was driving fifteen to twenty miles over the speed limit prior to striking Matthew Barrios and Yellow. The trial court reasoned that the accident likely could have been avoided if Mr. Cutí had maintained a careful lookout and had driven within the legal speed limit of 15 miles per hour. Mr. Cutí admitted to speeding and to looking away prior to the accident.
LThe trial court declined to place any fault on the part of Matthew Barrios. It noted that he was on the far right side of the roadway and that he wore light blue jeans and a gray sweatshirt. The trial court stated its reasons for judgment that walking with a dog on the side of the lit roadway in the evening was not negligent. These findings by the trial court contradict Safeway’s claim that a violation of La. R.S. 32:216 was a cause in fact of the accident.
There is sufficient evidence in the record to support the trial court’s conclusion that Mr. Cuti’s conduct was the sole cause of the accident. Considering the record, we cannot say that the trial court’s assessment of sole negligence against Mr. Cutí was manifest error. We find no merit in this assignment of error.
DAMAGES
Safeway’s second assignment of error alleges that the trial court erred in awarding total damages of $10,000.00 to Ellen and Sonny Barrios for the loss of their dog.
In Louisiana, a domestic animal is considered corporeal movable property. Holland v. Teague, 43,496, p. 8 (La.App. 2 Cir. 9/17/08), 996 So.2d 325 at 329. An award for mental anguish, allegedly resulting from property damage, is permissible only when the property is damaged 1) by an intentional or illegal act; 2) by an act for which the tortfeasor will be strictly or absolutely liable; 3) by acts constituting a continuing nuisance; or 4) when the owner is present or nearby and suffers psychic trauma as a result. Holder v. State Farm Ins. Co., 520 So.2d 960 (La.App. 3rd Cir. 1987). The degree of mental stress suffered as a result of damage to property must be more than minimal worry and inconvenience over the consequences of the damage. Robertson v. Geophysical Service, Inc., 469 So.2d 22 (La.App. 1st Cir.1985). Every incident of property damage is necessarily | r,accompanied by some degree of worry and consternation, and the owner of damaged property may not recover for such mental anguish unless she proves that she has suffered a psychic *1023 trauma in the nature of or similar to a physical injury, as a direct result of the property damage. Trim v. South Eastern Exp., Inc., 562 So.2d 26 (La.App. 5 Cir. 1990).
The scope of review of factual findings of the trial court is well settled. In Rosell v. ESCO, 549 So.2d 840, 844 (La.1989), the Louisiana Supreme Court stated:
“[A] court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable .... Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong (emphasis supplied). In applying the manifestly erroneous-elearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo.”
Rosell v. ESCO, 549 So.2d 840, 844.
In the matter subjudice, Ellen and Sonny Barrios allege that they suffered mental anguish as a result of the accident which brought about the demise of Yellow, a family pet. Safeway’s assignment of error contends that the record does not support the award of damages because the Barrioses did not experience severe mental anguish to merit recovery. It maintains that they were not present at the time of the accident and that they did not see a physician or psychiatrist as a result of their dog’s death, but only experienced the “natural human process of grieving.” Alternatively, Safeway argues that in the event the level of evidence rose to the ^standard of severe mental anguish, the trial court’s award of $5,000.00 each to the Barrioses was excessive.
In deciding the damages award, the trial judge found that Yellow was killed as a result of Mr. Cuti’s negligence. The trial judge noted that the plaintiffs were nearby and they immediately arrived at the accident scene to find their beloved dog deceased. The trial judge cited testimony from Mr. and Mrs. Barrios that established that Yellow was loved by the Barri-oses and was extremely valuable to them. Mr. Barrios retrieved Yellow’s remains the day after the accident from Animal Control and buried Yellow on his property. The trial judge reasoned that the plaintiffs suffered a severe loss and severe emotional distress as a result of the loss of their pet.
In her reasons for judgment, the trial judge stated the following:
The plaintiffs testified that they both have suffered severe emotional distress as a result of the loss of their beloved pet Ellen Barrios stated that Yellow was part of the family and that they are still grieving. Austin Barrios stated that he spent a lot of time with the dog as a member of the family and that he was still grieving over the loss of Yellow. The car accident that resulted in Yellow’s death was on Yellow’s birthday, a day that the family celebrated with a cook-out and a cake. Yellow was viewed by its owners as more than property, but as a member of the family. Austin Barrios testified that if he was not working then he was with Yellow.
Although a pet is considered corporeal movable property in Louisiana, clearly, pets are not inanimate objects. This Court takes judicial notice of the emotional bond that exists between some pets and *1024 their owners and the “family” status awarded some pets by their owners. In the present matter, the trial judge based her award of $5,000.00 each to the Barri-oses on her finding that they had a close family-like relationship with Yellow; that the dog was a part of their lives for approximately twelve years and that his loss caused them psychic trauma.
|8In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. Reck v. Stevens, 373 So.2d 498 (La.1979). Reversal of a general damages award requires a showing that the trier of fact abused the great discretion accorded in awarding damages; the award must be so high or low in proportion to the injury that it shocks the conscience. Lino v. Allstate Ins. Co., 06-0166, p. 8 (La.App. 4 Cir. 8/2/06), 937 So.2d 888, 894. In deciding whether a trial court award is excessive, reviewing courts must first consider the individual circumstances of the subject case to determine whether the trial court abused its much discretion in setting the award. Only after determining that the award in the subject case was improper, may the reviewing court consider awards in similar cases. Brodtmann v. Duke, 96-0257, p. 21 (La.App. 4 Cir. 2/11/98), 708 So.2d 447, 459-460. In the instant matter, we do not find that the factual determinations that supported the awards were manifestly erroneous. Therefore, under the circumstances of this particular case, the damage awards do not constitute an abuse of the trial court’s discretion. This assignment of error lacks merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
I9BAGNERIS, J., concurs in part and dissents in part with reasons assigned by Judge LEDET.
LEDET, J., concurs in part and dissents in part with reasons.