GARRETT, J.
The defendant, Safeway Insurance Company of Louisiana ("Safeway"), appeals from a trial court judgment awarding damages for loss of use, inconvenience, and mental anguish to the plaintiffs, Jose R. Enriquez and Irma Enriquez, caused by a car crashing into their house. For the following reasons, we affirm in part, amend in part, and reverse in part the trial court judgment.
FACTS
The plaintiffs, residents of Delhi, Louisiana, were in the master bedroom in the back of their home at approximately 7:40 a.m. on the morning of June 4, 2016. Suddenly, a 2000 Lincoln Town Car driven by DuJuan Johnson ("DuJuan") crashed into the two front bedrooms of the house. DuJuan stated the brakes failed while he was backing up. The back of the car impacted the front of the house, crashing into the interior, causing extensive damage.
The car was owned by Demonte Johnson and insured by Safeway. Although initially disputed, it was eventually determined that DuJuan was using the vehicle with permission and the accident was covered under the Safeway policy.
The plaintiffs had a homeowners' insurance policy with State Farm Insurance Company ("State Farm"), which paid $10,201.24 for repairs to the house, minus a deductible of $1,000. Insurance property damage assessments took several months to complete. The repairs began in September and were finished in October 2016.
In December 2016, the plaintiffs filed a petition for damages naming DuJuan and Safeway as defendants. A bench trial was held in January 2018. Along with pictures of the damage and the completed repairs, the declaration page of the Safeway policy was introduced into evidence. The policy provided a $25,000 limit for property damage liability, and a $15,000 limit for each instance of bodily injury liability. The parties stipulated that Safeway was liable and would be responsible for the $1,000 deductible the plaintiffs were required to pay under their homeowners' insurance policy. The plaintiffs' counsel stated that the recovery sought did not exceed the policy limits. The only issue in dispute was the amount of damages. The elements of damages sought by the plaintiffs were the deductible, loss of use of the house, inconvenience, *651 and mental anguish, which was referred to as "the trauma of what happened when the car ran into the house."
Officer Derrick Whitney with the Delhi Police Department investigated the accident. He testified that, when he responded to the accident, DuJuan was present and did not seem to be impaired. The plaintiffs and one of the neighbors were also present on the scene. According to Whitney, the plaintiffs were surprised and upset, but were coherent.
Mrs. Enriquez testified that she and Dr. Enriquez had been married for 35 years. They had lived in their house since 1990, and had a 30-year-old daughter and a 27-year-old son. Their son was in medical school and came home approximately once a month. Mrs. Enriquez said that, on the morning of the accident, the couple were in bed in the back of the house when they heard a squeaking noise and a boom, which shook the house. They discovered that a car hit the house and the two front bedrooms of the house were impacted. She said the driver of the car was present and was talking on a cell phone. He did not speak to them. Mrs. Enriquez said that she was shaking and could not speak. Her husband spoke to the police.
Mrs. Enriquez said that there was a large hole in the front of the house and one of the brick columns was knocked over. One of the bedrooms was penetrated and the closet in another bedroom was damaged. The plaintiffs put wood panels over the hole, which remained for more than four months before repairs were completed. The contents of the rooms had to be moved into the living room. Bugs and insects crawled into the house and they had to put towels at the bottom of the doors to seal this off from the remainder of the house. When they had visitors, one person slept in the guest bedroom and the other had to sleep on the couch. The brick on the house could not be matched, so bricks from the columns were used and white columns replaced the brick columns. Mrs. Enriquez did not work outside the home, and was at home with the damage for the months it took to complete the repairs.
Mrs. Enriquez did not see a doctor, health care professional, or mental health care professional about any emotional trauma she suffered because of the accident. She took over-the-counter sleeping pills once or twice to calm down the week after the accident. The couple did not rent a storage room and were able to continue living in the house until the repairs were made.
Dr. Enriquez, a physician at the Delhi Clinic and Hospital, testified that he was shocked and surprised to see that a car had hit the house. He got someone to help him board up the hole, but the heat, dust, mosquitoes, and bugs came into the house because it was not possible to get a good seal. The couple made approximately four trips to surrounding brick yards in search of matching bricks to repair the house, but they were unsuccessful. Dr. Enriquez was able to continue working during the time it took to complete repairs to the house. He did not seek counseling from a mental health care professional or take any medication to deal with the trauma of the damage to the house.
After reviewing post-trial briefs, the court rendered judgment in favor of the plaintiffs. In its reasons for judgment, the trial court found that the plaintiffs' claims for loss of use, inconvenience, and mental anguish were well-founded. The court noted the extreme damage to the home and the inconvenience suffered by the plaintiffs for several months before the repairs were completed. The court determined that the plaintiffs established that they suffered psychic trauma as a result of the accident *652 and were entitled to damages for mental anguish, even though they did not seek outside medical help. The court observed that, because Dr. Enriquez is a physician, he could have attended to any of their medical needs.
The court awarded the plaintiffs the $1,000 property damage deductible, classified as a property damage award; $6,750 to each plaintiff for loss of use, classified as a property damage award; $13,500 to each plaintiff for inconvenience, classified as general damages; and $3,500 to each plaintiff for mental anguish, classified as general damages. The total award was $48,500. The plaintiffs were also awarded legal interest on the judgment from the date of judicial demand. Safeway appealed suspensively.
On appeal, Safeway asserts that the trial court erred in making excessive damage awards to the plaintiffs for loss of use and inconvenience, in making any award for mental anguish, and in determining that the damages for inconvenience and mental anguish are to be classified as general damages.
LOSS OF USE AND INCONVENIENCE
Safeway contends that the awards for loss of use and inconvenience in this case were excessive and represented an abuse of discretion. We find that the award for loss of use was not excessive. However, the trial court abused its discretion in making an excessively high award for inconvenience.
Legal Principles
One injured through the fault of another is entitled to full indemnification for damages caused thereby. Wainwright v. Fontenot , 00-0492 (La. 10/17/00), 774 So.2d 70 ; Antley v. Rodgers , 52,168 (La. App. 2 Cir. 6/27/18), 251 So.3d 607. See also La. C.C. art. 2315. Special damages are those that can be determined with some degree of certainty. The plaintiff bears the burden of proving special damages by a preponderance of the evidence. An award of special damages is reviewed pursuant to the manifest error standard of review. Baw v. Paulson , 50,707 (La. App. 2 Cir. 6/29/16), 198 So.3d 186 ; Antley v. Rodgers , supra .
Damages for loss of use are special damages. They are recoverable whether the property is used for business or personal purposes. The normal measure of damages for loss of use is the rental value of similar property and perhaps necessary incidental expenses. It is not necessary, however, that a plaintiff actually rent substitute property in order to recover damages due for loss of use. Rental (which accomplishes the substitution of the use of similar property for that of the injured property) does not determine entitlement to damages, but only provides a fair measure of damages in appropriate cases. The period of compensatory loss of use is the time required to secure the repair of the property in the exercise of proper diligence. See FIE, LLC v. New Jax Condo Ass'n, Inc. , 2016-0843 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, writ denied , 18-449 (La. 5/25/18), 243 So.3d 544, and writ denied , 18-446 (La. 5/25/18), 243 So.3d 545 ; Chriss v. Manchester Ins. & Indem. Co. , 308 So.2d 803 (La. App. 4 Cir. 1975).
General damages are those which may not be fixed with pecuniary exactitude; instead, they involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or lifestyle which cannot be definitely measured in monetary terms. Thomas v. Morris , 51,112 (La. App. 2 Cir. 1/11/17), 211 So.3d 647, writ denied , 17-0442 (La. 4/24/17), 219 So.3d 1099 ;
*653 Antley v. Rodgers , supra . An appellate court may disturb a general damage award only when the record clearly reveals that the trial court abused its discretion in making the award, based on the facts and circumstances peculiar to the case and the individual under consideration. See Baw v. Paulson , supra . The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. The role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Baw v. Paulson , supra .
Only after finding that the trier of fact abused its great discretion may the appellate court resort to prior awards, and then only to determine the highest or lowest point reasonably within that discretion. An abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. Baw v. Paulson , supra .
Discussion
According to Safeway, the awards for loss of use and inconvenience were excessive. Safeway points out that the plaintiffs did not have to rent a storage unit; the contents of the damaged rooms were stored in the living room. The plaintiffs were unable to use a bedroom that was only used once a month when one of their children came home from school, but their son still came home to visit. Therefore, Safeway contends that the total awards of $13,500 for loss of use and $27,000 for inconvenience are excessive.
The defendants cite Thompson v. Simmons , 499 So.2d 517 (La. App. 2 Cir. 1986), writ denied , 501 So.2d 772 (La. 1987), in which the several plaintiffs experienced roof damage when a passing truck ripped some cable television wires off their houses. When it rained, one plaintiff experienced water entering the house through a ceiling fan over a bed. It took several months for repairs to be made. The trial court awarded $2,500 for inconvenience and mental anguish to that plaintiff. This court found that the plaintiff did not prove entitlement to mental anguish damages. We held that the plaintiff was entitled to damages for loss of use and inconvenience and determined that the appropriate award was $500.
The defendants also cite Sierra v. American Alternative Ins. Corp. , 2013-1808 (La. App. 1 Cir. 6/18/14), 147 So.3d 1125, where a house was damaged when a fire truck hit it, causing a family with several children, including a special needs child, to live in a hotel for a month. The plaintiff father chose to complete the repairs to the house himself, in his spare time. Therefore, the repairs took longer than they would have if the work had been done by a contractor. The family was out of the house during the holiday season and could not use some of the equipment the special needs child normally used.
The court in Sierra also combined several elements of damages and awarded a total of $6,000 to the parents for inconvenience, loss of use, and mental anguish. The award only covered the two weeks that the repairs would have taken if they had been done by a hired contractor. Safeway argues that the circumstances in Sierra were more severe than those present here. It urges this court to lower the awards for loss of use and inconvenience to a reasonable amount.
The case of Thompson v. Simmons , supra , is somewhat instructive on the proper amount to award for loss of use and inconvenience for damage to a house. However, *654 it is important to note that the case was decided more than 32 years ago. We find Sierra v. American Alternative Ins. Corp. , supra , to be less persuasive because the award included not only loss of use and inconvenience, but also mental anguish. As discussed below, the plaintiffs here have not proven entitlement to damages for mental anguish.
Regarding the loss of use of the house, the plaintiffs in this case were not deprived of its use entirely. However, their use was limited during the four months it took to complete repairs. The plaintiffs could have chosen to move out of the house until the repairs were completed. As stated above, the normal measure of damages for loss of use is the rental value of similar property, and perhaps incidental expenses. It is not necessary that a plaintiff actually rent substitute property in order to recover damages for loss of use. Here, the total award to the plaintiffs for loss of use was $13,500. We cannot say that this amount was so high as to constitute an abuse of the vast discretion accorded the trial court in these matters. Accordingly, we affirm the award for loss of use.
In addition to loss of use, the trial court made an award to each plaintiff of $13,500 for inconvenience, for a total award of $27,000. This inconvenience included the inability to effectively seal the house from the elements in order to keep insects, heat, and dirt out of the house. The plaintiffs also made several unsuccessful trips to brick yards in search of bricks to match the house. The plaintiffs eventually had to use brick from the columns on the house and install white columns in their place. The plaintiffs lived with a damaged house that was in disarray for four months until repairs could be completed. The parties do not dispute that the repairs were accomplished as quickly as possible.
In this matter, even though the plaintiffs were inconvenienced by the damage to their house, where the house was repaired for $10,201.24, and the repairs were completed in four months, a total award of $27,000 for inconvenience is excessive and an abuse of the trial court's discretion. Therefore, we must now resort to an examination of prior awards to determine the highest amount the trier of fact could have reasonably awarded.
In Pollock v. Talco Midstream Assets, Ltd. , 46,302 (La. App. 2 Cir. 5/18/11), 70 So.3d 835, writ denied , 11-1295 (La. 9/23/11), 69 So.3d 1166, a 92-year-old property owner was awarded $1,000 per month for 36 months for aggravation and inconvenience when a pipeline company destroyed her culvert, resulting in flooding of the property where her home was located. This limited or prevented access to the property. Other family members living on the property were awarded $500 per month.
In Ollis v. Miller , 39,087 (La. App. 2 Cir. 10/29/04), 886 So.2d 1199, the plaintiffs were awarded $5,000 for inconvenience and aggravation where numerous repairs were necessary to correct dry rot and other damage that was not readily observable in a newly purchased home.
In Collins v. City of Shreveport , 35,172 (La. App. 2 Cir. 10/31/01), 799 So.2d 630, the plaintiffs were awarded $7,500 for continuing inconvenience where their house flooded due to the city's failure to maintain a drainage culvert in front of the house. The plaintiffs were awarded $9,627 to repair the house.
In the present case, we amend the award for inconvenience and find that the highest amount that could be made for this element of damages is a total award of $10,000. This sum represents $1,250 per month to each of the two plaintiffs, for each of the four months it took for the *655 repairs to be completed. This award comports with the awards for inconvenience made in the cases discussed above.
MENTAL ANGUISH
Safeway maintains that the trial court erred in making any award for mental anguish. This argument has merit.
Legal Principles
An award for mental anguish as a result of damage to property is permitted in the following instances: (1) the property was damaged by an intentional or illegal act; (2) the property was damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) the property was damaged by acts constituting a continuing nuisance; and (4) the property was damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result. 1900 P'ship v. Bubber, Inc. , 27,475 (La. App. 2 Cir. 11/1/95), 662 So.2d 808, writ denied , 96-0037 (La. 2/28/96), 668 So.2d 369 ; Kemper v. Don Coleman, Jr., Builder, Inc. , 31,576 (La. App. 2 Cir. 7/29/99), 746 So.2d 11, writs denied , 99-2954, 99-2955 (La. 1/7/00), 752 So.2d 861; Heard v. Affordable Movers, Inc. , 40,432 (La. App. 2 Cir. 12/14/05), 917 So.2d 722.
The mental anguish which gives rise to a claim for damages must be real mental injury. Kemper v. Don Coleman, Jr., Builder, Inc. , supra ; Demery v. City of Shreveport , 45,615 (La. App. 2 Cir. 11/3/10), 55 So.3d 37, writ not cons. , 10-2710 (La. 2/4/11), 56 So.3d 982. Every incident of property damages is necessarily accompanied by some degree of worry and consternation over such things as possible financial loss, settlement of insurance claims, and discomfort or inconvenience while awaiting and undergoing repair work. Sierra v. American Alternative Ins. Corp. , supra . The owner of damaged property may not recover for mental anguish unless he or she proves a psychic trauma in the nature of or similar to a physical injury, directly resulting from the property damage. Demery v. City of Shreveport , supra ; Heard v. Affordable Movers, Inc. , supra . Since the question of whether an owner experiences trauma is a factual determination, the manifest error rule applies to the fact finder's review of the issue. Wells v. Morgan Gas Co. , 26,641 (La. App. 2 Cir. 3/1/95), 651 So.2d 951, writ denied , 95-0784 (La. 5/5/95), 654 So.2d 327.
Discussion
In its reasons for judgment, the trial court stated that the plaintiffs' claims for mental anguish were well-founded. The court stated, "In the opinion of the Court, the plaintiffs proved that they indeed suffered psychic trauma, when considered in light of the cases of Heard v. AffordableMovers, Inc. , [supra ], and Trim v. South Eastern Exp., Inc. , [562 So.2d 26 (La. App. 5 Cir. 1990) ]." The trial court was manifestly erroneous and clearly wrong in this finding of fact.
The cases cited by the trial court do not support its finding. In Heard v. Affordable Movers, Inc. , supra , this court affirmed the grant of a partial summary judgment dismissing the plaintiff's claim for mental anguish damages arising from property damage and loss. In Heard , the plaintiff lost numerous family heirlooms, stored by a moving company, when they were destroyed in a fire and a subsequent rain storm. We found that, although the plaintiff in that matter suffered distress as a result of the destruction of family heirlooms, many of which were irreplaceable, he did not suffer any real mental injury or psychic trauma in the nature of or similar to a physical injury.
Also, Trim v. South Eastern Exp., Inc. , supra , does not support the trial court *656 judgment. The plaintiffs in this case argue that, because they were present in their home when the impact occurred, this should be treated the same as a passenger who is shaken up in a car accident, but does not suffer any physical damage. Because they were present when the accident occurred, they claim entitlement to recover for mental anguish damages without the need for showing any special circumstances. They cited Trim for the proposition that, where the homeowner is present when an accident occurs, and is frightened for his safety as a result of the tortfeasor's damage to his house, there is sufficient evidence to support an award for general damages. Trim simply does not support the plaintiffs' argument or the trial court judgment. In Trim, the fifth circuit reversed a grant of summary judgment on the issue of mental anguish damages, finding there was a genuine issue of material fact as to whether such damages were suffered. The matter was remanded to the trial court to determine if the plaintiffs could prove entitlement to mental anguish damages. Mental anguish damages were not awarded by the fifth circuit in that case and no new rule for the award of such damages was announced.
According to the jurisprudence set forth above, in order to recover mental anguish damages as a result of property damage or loss of property, one of four specific circumstances pertaining to the loss or damage must be proven. One of these specific instances is that the plaintiff was present or nearby at the time of the damage or loss. Then, the plaintiff must also show a psychic trauma in the nature of or similar to a physical injury, directly resulting from the property damage. The trial court was manifestly erroneous in finding that the plaintiffs proved that they suffered a psychic trauma.
The record clearly shows that the plaintiffs did not suffer the psychic trauma required to support a damage award for mental anguish. Dr. and Mrs. Enriquez experienced only the normal worry and consternation that accompanies damage to property. Mrs. Enriquez took over-the-counter sleep medication on two occasions shortly after the accident. Dr. Enriquez did not testify to anything which could remotely be classified as psychic trauma on his part. He was able to talk to the police immediately after the incident, continued working, had no difficulty sleeping, and exhibited no unusual anxiety. He did not require or seek treatment for any mental trauma.
In awarding mental anguish damages, the trial court noted that neither plaintiff sought medical treatment, but stated that, as a physician, Dr. Enriquez could attend to their medical needs. Notably, the record fails to show that the plaintiffs had any medical needs or that Dr. Enriquez used his medical expertise to meet those needs.
A survey of the jurisprudence supports a finding that the plaintiffs are not entitled to an award for mental anguish. In Moss v. Town of Rayville , 50,189 (La. App. 2 Cir. 11/18/15), 181 So.3d 809, a plaintiff was denied damages for mental anguish when a building he owned was torn down, destroying the contents.
In Demery v. City of Shreveport , supra , a homeowner was not entitled to damages for mental anguish where a drainage pipe leaked and created a sinkhole in the yard of the house.
In Kemper v. Don Coleman, Jr., Builder, Inc. , supra , plaintiffs were not entitled to damages for mental anguish where their houses in a subdivision flooded due to drainage problems.
In 1900 P'ship v. Bubber, Inc. , supra , a plaintiff was not entitled to damages for *657 mental anguish where a neighbor's crop dusting damaged the plaintiff's crops.
In Farr v. Johnson , 308 So.2d 884 (La. App. 2 Cir. 1975), a plaintiff was not entitled to damages for mental anguish where a car hit her house. She was not at home when the accident occurred. The court found that the plaintiff experienced only normal worry and mental consternation over the damage to her house and contents. The repair work took about three weeks to complete.
In Creel v. Southern Nat. Gas Co. , 2003-2761 (La. App. 1 Cir. 10/14/05), 917 So.2d 491, writ denied , 06-0161 (La. 4/24/06), 926 So.2d 543, plaintiffs were not entitled to damages for mental anguish where an erroneous survey showed a natural gas pipeline in the wrong location and the plaintiffs constructed their house close to the pipeline.
In Zaveri v. Husers , 2016-866 (La. App. 3 Cir. 6/21/17), 224 So.3d 389, writ denied , 17-1286 (La. 11/6/17), 229 So.3d 475, plaintiffs were not entitled to damages for mental anguish where the defendants built a huge, structurally unsound retaining wall next to the plaintiffs' property.
In Freyou v. Iberia Par. Sch. Bd. , 94-1371 (La. App. 3 Cir. 5/3/95), 657 So.2d 161, the plaintiff was not entitled to damages for mental anguish where a school's sewage treatment facility released sewage onto the plaintiff's property.
In Chriss v. Manchester Ins. & Indem. Co. , supra , plaintiffs were not entitled to damages for mental anguish when a car hit their house, even though the husband was disabled by hypertension prior to the accident and the plaintiffs were without utilities for an extended period of time.
Cases allowing mental anguish damages for damage to property are clearly distinguishable from the present matter on their facts and the degree of trauma proven by the plaintiffs. In Vincent v. City of Iowa , 2017-951 (La. App. 3 Cir. 4/11/18), 244 So.3d 22, writ denied , 2018-0750 (La. 9/21/18), 252 So.3d 912, the third circuit affirmed mental anguish awards of $35,000 and $40,000 to the plaintiffs whose home and its contents were damaged when a city sewer line discharged into the house. Fecal matter permeated the house and its contents. Many items of personal property were completely destroyed. The plaintiffs and their family had to relocate to a hotel for two months while repairs were made. The plaintiffs did not think the smell was ever completely eliminated from the house. The wife had depression which was worsened due to the property damage, and her medication was increased. The trial court noted that, in court, the wife was still suffering from the incident. She testified that, during the repairs, she was frequently so stressed that she had headaches and vomited. The husband experienced stress which caused him to be unable to sleep well for months. He also developed mouth ulcers which made it difficult to eat.
In Nikolaus v. City of Baton Rouge/Par. of E. Baton Rouge , 2009-2090 (La. App. 1 Cir. 6/11/10), 40 So.3d 1244, writ not cons. , 10-1638 (La. 10/8/10), 46 So.3d 1256, a homeowner proved sufficient psychic trauma to support an award of $3,500 in mental anguish damages the first time the house flooded and $5,500 for the second flood, caused by the city's failure to maintain the drainage system. The plaintiff presented testimony regarding her emotional distress, which was corroborated by the testimony of other witnesses.
In Wells v. Morgan Gas Co. , supra , a plaintiff was awarded $25,000 in mental anguish damages after her house was converted from natural gas to propane and there was an explosion soon after, while the plaintiff was in the house. The house *658 burned down and the plaintiff developed post-traumatic stress disorder.
In Carroll v. State Farm Ins. Co. , 427 So.2d 24 (La. App. 3 Cir. 1983), a plaintiff was awarded $7,500 in mental anguish damages when, although not physically injured, she was almost struck in the head by a boat which became airborne, flew over her head, and hit her barge and dock. The plaintiff immediately went into hysterics, which worsened over the next few hours. She had difficulty sleeping for four to five months after the accident and had nightmares. She would often scream and curse the boat driver in her sleep.
In Elston v. Valley Elec. Membership Corp. , 381 So.2d 554 (La. App. 2 Cir. 1980), an oversized transformer was mistakenly installed at the plaintiff's house, causing an electrical surge which destroyed all the appliances. The homeowner established a psychic trauma in the nature of or similar to a physical injury directly caused by the damage to the home. She was awarded $5,000 for mental anguish.
Based upon the facts presented here, the plaintiffs failed to prove the psychic trauma or mental injury required to support an award for mental anguish. They proved only the expected degree of worry and consternation over such things as possible financial loss, settlement of insurance claims, and discomfort or inconvenience while awaiting and undergoing repair work. The trial court was manifestly erroneous in making awards for mental anguish to the plaintiffs based upon the sparse record before us.[1] We reverse the trial court judgment on this issue.
GENERAL OR PROPERTY DAMAGES
Safeway asserts that the trial court erred in classifying the awards for mental anguish and inconvenience for the destruction of property as general damages, not property damage, under the policy. This argument was not raised below, is not properly before us, and discussion of the issue is unnecessary.
Legal Principles
The scope of appeal and the action to be taken on appeals is set forth in La. C.C.P. art. 2164 :
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. See Segura v. Frank , 630 So.2d 714 (La. 1994) ; Jacobs v. GEICO Indem. Co. , 52,372 (La. App. 2 Cir. 9/26/18), 256 So.3d 449 ; Burch v. Burch , 51,780 (La. App. 2 Cir. 1/10/18), 245 So.3d 1138 ; U.R.C.A. Rule 1-3.
Discussion
Safeway's argument on appeal on this issue is vague and not well-developed. Essentially, it argues that all items of damages awarded by the trial court should have been classified as property damages. The policy provided a limit of $25,000 for property damage and $15,000 for each instance of bodily injury. Therefore, if the plaintiffs had proven bodily injury, the policy limit would have been $55,000. The trial court awarded a total of $48,500, but Safeway contends that all the damages should *659 have been classified as property damage, subject to a policy limit of $25,000. At the beginning of the trial, the plaintiffs stipulated that they would not seek damages in excess of the policy limits and Safeway stipulated that there was no issue as to liability, only the quantum of damages. There was a discussion between counsel and the court as to whether inconvenience and loss of use damages would be classified as property damage or bodily injury damages. The issue was not resolved, and plaintiffs' counsel stated that the classification issue would be addressed in post-trial briefs. The trial court's total award was $48,500, an amount in excess of the property damage limit of $25,000.
The plaintiffs argue that Safeway did not include any discussion of this issue in its post-trial brief, and did not file any motions for reconsideration or for new trial after the judgment was rendered. Therefore, they contend that any objection to the classification of damages was waived. The plaintiffs maintain that allowing Safeway to argue the issue on appeal would be prejudicial to them because only the declarations page of the policy was introduced into evidence, rather than the entire policy which might have included definitions of bodily injury and property damage.
Although there was some brief discussion of this issue in the trial court, Safeway did not clearly frame it as an issue for decision by the trial court. After the trial court rendered its judgment, Safeway did not file a motion for new trial or employ other procedural means to raise in the trial court an objection to the classification of damages.[2] Safeway failed to properly raise this issue in the trial court and it is not properly before us on appeal.
Even if this issue were properly before us, Safeway chose to introduce into evidence only the declarations page of the policy. The entire policy, which might have included definitions of property damage and bodily injury, along with other definitions and information that might have been pertinent, is not before us. However, given our amendment of the award for inconvenience from $27,000 to $10,000, and our rejection of any award for mental anguish, the total amount of the award is $24,500. This amount falls within the property damage limits of the policy. Therefore, any discussion of this issue is unnecessary.
CONCLUSION
For the reasons stated above, we affirm that portion of the trial court judgment ordering the defendant, Safeway Insurance Company, to pay to the plaintiffs, Jose R. Enriquez and Irma Enriquez, the $1,000 property deductible and $6,750 to each plaintiff, a total award of $13,500, for loss of use of the house. We amend the trial court judgment regarding inconvenience, reducing the award to $5,000 to each plaintiff, for a total ward of $10,000 for this element of damages. We reverse the trial court award to the plaintiffs for mental anguish, finding that entitlement to this element of damages was not proven. Costs in this court are assessed one-half to the plaintiffs, and one-half to the defendant.
*660 AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART.

The minimal trial court testimony covered only approximately 30 pages.

A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues. La. C.C.P. art. 1971. Peremptory grounds for a new trial are set forth in La. C.C.P. art. 1972. A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. La. C.C.P. art. 1973.